## McCormack v. The Pennsylvania Railroad Co. (No. 1)

484

*Richter, Lord & Levy,* for plaintiff.

*Barnes, Dechert, Price, Myers & Rhoads,* for defendant.

ALESSANDRONI, P. J., April 7, 1958.—This is an action in trespass. The case was duly placed on the consolidated trial list and subsequently ordered for pretrial conference. After the conference, defendant filed interrogatories upon plaintiff. Plaintiff has objected on two grounds, that leave of court is required for further discovery after pretrial conference and that the interrogatories violate the provisions of Pa. R. C. P. 4011(a) (b).

The ordering of a case for pretrial requires a certificate from the party filing the order that all further discovery is waived, except by leave of court: Pretrial Rule, P11. Defendant's contention is that its right of discovery cannot be cut off by plaintiff's action.

Defendant's contention would nullify the purpose of pretrial rules. If defendant has not concluded the discovery phase of the controversy, he may not stand mute in the face of the pretrial certificate, a copy of which must be served on him. Defendant's appearance at the pretrial conference can only be considered as a joinder by defendant to plaintiff's certificate.

Why defendant has delayed discovery for such a long period does not appear. If defendant's purpose is delay, then the pretrial rules assume greater significance in preventing the delay.

We therefore hold that no discovery proceedings may be instituted after a case has been ordered for pretrial, unless a party presents good and sufficient reasons for delaying the pretrial conference itself, or obtains leave of court to proceed.

*Order*

And now, to wit, April 7, 1958, plaintiff's objections to defendant's interrogatories are sustained.